UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL P. WINCAPAW,

    Plaintiff,

vs.

Case No._____

MICHAEL GIESE, individually and in his official capacity, BRIAN HEALY, individually and in his official capacity, TRACY J. LEWANDOWSKI, individually and in his official capacity, JOHN P. HIVELY, individually and in his official capacity, ANDREW NUNNALLY, individually and in his official capacity, COUNTY OF WAUKESHA, a municipal corporation, CORRECT CARE SOLUTIONS, LLC, a foreign corporation, STEPHANIE RIOS and PUNNO OSE MACKIEL, M.D.,

    Defendants.

---

## COMPLAINT

---

### I. INTRODUCTION

1. This is a civil rights action for damages brought by Daniel P. Wincapaw for damages sustained as a result of not being provided appropriate medical care under the Eighth Amendment while an inmate at the Waukesha County Jail. The plaintiff also alleges supplemental jurisdiction for the State negligence claim on behalf of plaintiff Wincapaw.

### II. STATEMENT OF JURISDICTION

2. The plaintiff brings this action pursuant to 42 U.S.C. Section 1983 for a violation of the

1

Eighth Amendment protection providing that an inmate receive appropriate medical care and attention while confined in a county jail. Jurisdiction is confirmed by 28 U.S.C. Section 1331 and 1343(a)(3) and (4). This Court also has supplemental jurisdiction over the plaintiff's state law claim pursuant to 28 U.S.C. Section 1367.

## III. PARTIES

3. The plaintiff, Daniel P. Wincapaw, is an adult at all material times residing at 409 North Hine Street in the City and County of Waukesha, State of Wisconsin.

4. Upon information and belief the defendant, Michael Giese, is an adult employed as the jail administrator for the Waukesha County Jail located at 515 West Moreland Boulevard in the City and County of Waukesha, State of Wisconsin, and is sued in his individual and official capacities.

5. Upon information and belief the defendant, Brian Healy, is an adult employed by the Waukesha County Sheriff's Department located at 515 West Moreland Boulevard in the City and County of Waukesha, State of Wisconsin, and is sued in his individual and official capacities.

6. Upon information and belief the defendant, Tracy J. Lewandowski, is an adult employed by the Waukesha County Sheriff's Department located at 515 West Moreland Boulevard in the City and County of Waukesha, State of Wisconsin, and is sued in his individual and official capacities.

7. Upon information and belief the defendant, John P. Hivley, is an adult employed by the Waukesha County Sheriff's Department located at 515 West Moreland Boulevard in the City and County of Waukesha, State of Wisconsin, and is sued in his individual and official capacities.

8. Upon information and belief the defendant, Andrew Nunnally, is an adult employed by the Waukesha County Sheriff's Department located at 515 West Moreland Boulevard in the City and

County of Waukesha, State of Wisconsin, and is sued in his individual and official capacities.

9. Upon information and belief the defendant, County of Waukesha, is a municipal corporation located at 515 West Moreland Boulevard in the City and County of Waukesha, State of Wisconsin, and is a body corporate which operates and maintains the Waukesha County Sheriff's Department located at 515 West Moreland Boulevard, Waukesha, Wisconsin, and whose employees and Deputy Sheriffs are County of Waukesha employees; the County of Waukesha is liable for the acts of its officials, employees, agents and subdivisions; further, the County of Waukesha is required by law, pursuant to Section 895.46(1), Wis. Stats., to pay and indemnify all judgments, whether for compensatory damages, punitive damages, attorney fees or other relief, that may be granted against the individually-named employees who act under color of law and within the scope of their respective employment at the time of the incident or incidents complained of herein; indemnification is required regardless of whether the County of Waukesha remains in this case as a party defendant.

10. Upon information and belief the defendant, Correct Care Solutions LLC, is a foreign corporation licensed to do and doing business in the State of Wisconsin in, among other areas, the area of providing health care to and on behalf of various municipalities and counties to inmates in municipal and/or county jails; the principal office for the defendant, Correct Care Solutions LLC, is 534 South Kansas Avenue, Suite 800, Topeka, KS 66604 and its registered agent is Paracorp Incorporated, 901 South Whitney Way, Madison, WI 53711-2553.

11. Upon information and belief the defendant, Stephanie Rios, is an adult employed by the defendant, Correct Care Solutions LLC, at all material times working at the Waukesha County Jail located at 515 West Moreland Boulevard, Waukesha, Wisconsin, in her capacity as a nurse in the county jail.

12. Upon information and belief the defendant, Punnoose Mackiel, M.D., is an adult employee of the defendant, Correct Care Solutions LLC, employed as a doctor at all material times at the Waukesha County Jail for purposes of providing medical care to jail inmates.

## IV. FACTUAL ALLEGATIONS

13. On or about the 27th day of September, 2007, the plaintiff, Daniel P. Wincapaw, was being booked into the Waukesha County Jail located at 515 West Moreland Boulevard, Waukesha, Wisconsin, by various employees of the defendant, County of Waukesha, through its Sheriff Department.

14. As plaintiff Wincapaw was being transferred to a cell at approximately 9:00 p.m. on September 27, 2007, by, upon information and belief, defendant, John P. Hively, defendant Hively did slam or close a jail door upon the right hand and fingers of the plaintiff, Daniel T. Wincapaw, causing severe and serious personal injuries.

### A. FIRST CONSTITUTIONAL CLAIM

15. Subsequent to September 27, 2007 and for approximately one week thereafter, plaintiff Wincapaw requested medical attention for the serious injuries sustained to his right hand, including requests to defendant Lewandowski and defendant Healy; said defendants failed to provide appropriate care and treatment for the defendant as required by the Eighth Amendment and in deliberate indifference to the constitutional rights of plaintiff Wincapaw.

16. Plaintiff Wincapaw did receive some ice between September 27, 2007 and October 4, 2007 from defendant Nunnaly, however such ice contained contaminants, including either salt or pepper or other substances all in violation of his Eighth Amendment right to receive appropriate

4

medical care and treatment and in deliberate indifference to his Eighth Amendment constitutional rights.

17. The actions of the defendants, acting under color of law, constituted deliberate indifference under the Eighth Amendment to the United States Constitution causing the plaintiff to experience great pain and suffering past, present and future, to incur medical expenses for medical care and treatment past, present and future, to incur a loss of wages and a loss of earning capacity, all to his compensatory damage in the amount of One Million and 00/100 ($1,000,000.00) Dollars.

## B. SECOND CONSTITUTIONAL CLAIM

18. The plaintiff, Daniel P. Wincapaw, realleges and reaffirms all of the allegations contained in paragraphs one (1) through seventeen (17) inclusive as stated in the foregoing claim and incorporates the same by reference as if fully set forth at length herein.

19. Subsequent to October 4, 2007, when plaintiff Wincapaw returned to the Waukesha County Jail on October 5, 2007 and for the next approximate two weeks, plaintiff Wincapaw requested that he be provided with the medications that were prescribed for him by his doctor after having been treated at the Waukesha Memorial Hospital; the defendant, Michael Giese, as the Jail Administrator for the County of Waukesha, and the County of Waukesha, did fail to provide appropriate medical care pursuant to the Eighth Amendment to the United States Constitution in deliberate indifference to the constitutional rights of plaintiff Wincapaw, by denying access to or providing any of the prescribed medications needed to care for the plaintiff's injuries.

20. Upon information and belief the defendant, County of Waukesha, through its Jail Administrator, Michael Giese, had developed a policy, practice or procedure of denying inmates in

5

the Waukesha County Jail the prescribed medications for treatment that was appropriate and necessary for their medical conditions in direct violation of the United States Constitution through the Eighth Amendment and the right of the inmate to receive appropriate medical care and attention; said policy, practice or procedure was maintained during the incarceration of the plaintiff, Daniel P. Wincapaw, at all material times and implemented to deny his constitutional rights.

21. The actions of the defendants, acting under color of law, in failing to provide the appropriate medical care and attention required pursuant to the Eighth Amendment of the United States Constitution did cause the plaintiff, Daniel P. Wincapaw, to experience great pain and suffering past, present and future, to incur medical expenses for medical care and treatment past, present and future, to sustain a loss of wages and a loss of earning capacity, all to his compensatory damage in the amount of One Million and 00/100 ($1,000,000.00) Dollars.

## C. THIRD CONSTITUTIONAL CLAIM

22. The plaintiff, Daniel P. Wincapaw, realleges and reaffirms all of the allegations contained in paragraphs one (1) through twenty-one (21) inclusive as stated in the foregoing claims and incorporates the same by reference as if fully set forth at length herein.

23. Upon information and belief the defendant, County of Waukesha, did contractually employ the defendant, Correct Care Solutions, LLC, for purposes of providing medical care and attention, including medications, to Waukesha County jail inmates at all material times.

24. Upon information and belief the defendants, Stephanie Rios and Punnoose Mackiel, M.D., were employed by the defendant, Correct Care Solutions, LLC, to work at the Waukesha County Jail in their capacities as a nurse and doctor, respectively, to carry out and implement the

6

health care policy and procedures promulgated by the Waukesha County Jail Department.

25. Defendants Rios and Mackiel, acting pursuant to their contractual obligations with the defendant, County of Waukesha, and as the agents of the Waukesha County Jail, did fail to provide appropriate medical care, attention and medication as required by the Eighth Amendment to the United States Constitution by not providing the necessary medication and/or medical evaluations of the plaintiff while plaintiff, Daniel P. Wincapaw, was housed at the Waukesha County Jail, following practice or procedures promulgated by the Waukesha County Jail which policies and procedures were practiced with deliberate indifference to the medical needs and care of plaintiff, Daniel P. Wincapaw, as well as other inmates at the Waukesha County Jail causing the plaintiff to experience great pain, suffering and disability past, present and future, to incur medical expenses for medical care and treatment past, present and future, to sustain a loss of wages and a loss of earning capacity, all to his compensatory damage in the amount of One Million and 00/100 ($1,000,000.00) Dollars.

## D. FIRST STATE CLAIM

26. The plaintiff, Daniel P. Wincapaw, realleges and reaffirms all of the allegations contained in paragraphs one (1) through twenty-five (25) inclusive as stated in the foregoing claims and incorporates the same by reference as if fully set forth at length herein.

27. On September 27, 2007, the defendants, John P. Hively, did negligently, carelessly and recklessly slam or close a cell door located in the Waukesha County Jail on the hand of the plaintiff, Daniel P. Wincapaw, causing the plaintiff to sustain great pain and suffering, past, present and future, to sustain a loss of wages and a loss of earning capacity, suffer great anxiety, depression and

7

other injuries, all to his compensatory damages in the amount of One Million and 00/100 ($1,000,000.00) Dollars.

28. On the 11th day of January, 2008, and within one hundred twenty (120) days after the occurrence of this incident which gave rise to this claim, plaintiff Wincapaw did cause a written notice of injury to be served pursuant to Section 893.80, Wis. Stats., upon the Clerk for the County of Waukesha and upon the Waukesha County Sheriff's Department and filed in their respective offices; said notice of injury stated the place where the incident occurred and described generally the negligence which occasioned this incident; a copy of said notice of injury is attached hereto, marked as Exhibit "A", and made a part of this Complaint.

29. On the 18th day of March, 2009, the plaintiff did cause an itemized written notice of claim for damages to be served upon the County Clerk for the County of Waukesha and filed in her office; said notice itemized each item of damage claimed by the plaintiff and demanded satisfaction in the amount of Two Million Five Hundred Eight Thousand Seventy-five and 91/100 ($2,508,075.91) Dollars from the County of Waukesha; a copy of said notice of claim for damages is attached hereto, marked as Exhibit "B", and made a part of this Complaint.

30. On the 25th day of March, 2009, plaintiff Wincapaw did receive a letter dated March 13, 2009 from the Waukesha County Corporation Counsel Office advising that his claim was denied, although not specifying by whom it was denied; more than one hundred twenty (120) days has elapsed since the filing of the notice of claim for damages and pursuant to Section 893.80(1)(g) plaintiff's claim has been deemed disallowed; a copy of the March 23, 2009 letter is attached hereto, marked as Exhibit "C", and made a part of this Complaint.

E. SECOND STATEMENT CLAIM

8

31. The plaintiff, Daniel P. Wincapaw, realleges and reaffirms all allegations contained in paragraph one (1) through thirty (30) inclusive as stated in foregoing claims and incorporates the same by reference herein as if set forth at length.

32. At all material times the defendant, Correct Care Solutions, LLC, did, upon information and belief, have a contractual relationship with the defendant, County of Waukesha, to provide medical services to inmates housed at the Waukesha County Jail, including the plaintiff, Daniel P. Wincapaw.

33. Upon information and belief the defendant, Stephanie Rios, was at all material times an employee of the defendant, Correct Care Solutions, LLC, acting in a nursing capacity, and working in the Waukesha County Jail to provide medical care and attention.

34. Upon information and belief the defendant, Punnoose Mackiel, M.D., was also employed on a contractual basis, upon information and belief, by the defendant, Correct Care Solutions, LLC, to provide medical care and attention to inmates housed at the Waukesha County Jail at all material times, including the plaintiff, Daniel P. Wincapaw.

35. Subsequent to September 27, 2007, the defendant, Stephanie Rios, did provide ice between September 27 and October 4, 2007 to the plaintiff, Daniel P. Wincapaw, which contained contaminants, including either salt, pepper or other substances, which care was provided in a negligent, careless and reckless manner causing the plaintiff to sustain pain, suffering and discomfort.

36. The defendants, Punnoose Mackiel, M.D., did on October 3, 2007 examine briefly the plaintiff, Daniel P. Wincapaw, referring him for an x-ray; however, subsequent to October 4, 2007, when the plaintiff, Daniel P. Wincapaw, did return to the Waukesha County Jail for approximately

3 more weeks, defendants Rios and Mackiel did not administer or provide the prescribed medications that plaintiff Wincapaw had received from his treating doctors at the Waukesha Memorial Hospital but instead substituted inadequate and less efficient medications causing the plaintiff to incur great pain and suffering; the defendants were negligent in the care and treatment of the plaintiff, Daniel P. Wincapaw, and/or in following practice, procedures or policies of the Waukesha County Jail, causing the plaintiff to sustain great pain and suffering past, present and future, to incur medical expenses for medical care and treatment past, present and future, to sustain a loss of wages and a loss of earning capacity, all to his compensatory damage in the amount of One Million and 00/100 ($1,000,000.00) Dollars.

WHEREFORE, the plaintiff, Daniel P. Wincapaw, demands Judgment as follows:

a    For Judgment on his first constitutional claim against the aforementioned defendants in the amount of One Million and 00/100 ($1,000,000.00) Dollars, together with costs, disbursements and attorney fees herein.

b.    For Judgment on the plaintiff's second constitutional claim against the aforementioned defendants in the sum of One Million and 00/100 ($1,000,000.00) Dollars, together with costs, disbursements and attorney fees herein.

c.    For Judgment on behalf of the plaintiff, Daniel P. Wincapaw, against the aforementioned defendants on his first State claim in the amount of One Million and 00/100 ($1,000,000.00) Dollars, together with costs, disbursements and attorney fees herein.

d.    For Judgment on the plaintiff, Daniel P. Wincapaw's second State claim against the aforementioned defendants in the amount of One Million and 00/100 ($1,000,000.00) Dollars, together with costs, disbursements and attorney fees herein.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2009.

KOCH & McCANN, S.C.
Attorneys for Plaintiff


By:   /s/ James W. McCann
      James W. McCann
      State Bar No. 1017889

P.O. ADDRESS:
342 North Water Street, Suite 830
Milwaukee, WI 53202
Phone: (414) 342-0405